(No. 805—Claimant awarded $243.00.)

MISSOURI STATE LIFE INSURANCE Co., Claimant, *vs.* STATE OF ILLI-
NOIS, Respondent.

*Opinion filed December 18, 1924.*

INSURANCE TAX—*when may be refunded.* Where there is an overpayment
of the amount due the State for privilege tax which was erroneously
assessed, a refund of the overpayment may be awarded.

BROWN, HAY & STEPHENS, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON,
Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration of the Missouri State Life Insurance Com-
pany, claimant, filed in this court, sets forth the following:

That the Missouri State Life Insurance Company is an
insurance company organized and existing under and by
virtue of the laws of the State of Missouri with its principal
office at 15th and Locust streets, St. Louis, Missouri; that
under provisions of section one of an act in relation to the
taxation of non-resident corporations doing an insurance
business in this State, in force July 1, 1919, each non-resident
insurance company was required to pay 2 per centum on
the gross amount of premiums received by them during the
preceding calendar year on contracts covering risks within
the State of Illinois after deducting the amount returned to
holders of policies on risks within the State as dividends,
paid in cash or applied in reduction of premiums; that under
section two of said act it is provided that if the laws of an-
other state require of insurance companies authorized under
the laws of this State and doing business in such other state
license fees on a basis of rate which will produce amounts
greater than would be produced by the application of the
basis provided for herein and by any other laws of this State,
then in every such case insurance companies of such state
shall be required to pay for such privilege on the same basis
as is imposed by the laws of this State upon similar insurance
companies organized under the laws of this State; that prior
to March, 1922, the State of Missouri did not allow deductions
from gross premiums of dividends allowed policy holders but
that beginning at said time and allowing the same on taxes for

business done during the year 1921 the insurance department of said State of Missouri allowed said deductions to be made from the gross premiums as is shown by letter attached hereto from Wilbur F. Maring, Jr., Chief Clerk of the Insurance Department of the State of Missouri; that on February 17, 1922, this claimant filed its privilege tax statement with the Department of Trade and Commerce of the State of Illinois as shown by exhibits hereto marked "Claimant's Exhibit II"; that on, to-wit, May 16, 1922, this claimant received statement of privilege taxes from said Department of Commerce as shown by exhibit III attached hereto and made a part hereof, which said sum was paid by check in the sum of $14,193.48, mailed by the claimant on June 8, 1922, received by the Department of Trade and Commerce on July 12, 1922; that of the items shown in said privilege tax statement under paragraph four as dividends paid in cash or in reduction of premiums, amounting to $28,643.12, the sum of $16,485.12 was dividends paid in cash and $12,158.00 was dividends applied in reduction of premiums and on said sum of $12,158.00 said Department of Trade and Commerce erroneously assessed 2 per cent taxes as shown by letter from said department dated April 19, 1923, and attached hereto and marked "Claimant Exhibit IV".

The claimant therefore asks for a refund of 2 per cent of $12,158.00, or $243.00 by reason of said over payment.

The Attorney General files a demurrer to said declaration which, as a matter of law will be sustained by the court.

The evidence in this case clearly shows that the claimant erroneously paid the State of Illinois the sum of $243.00 which under the law claimant was not required to do. The Attorney General files a statement consenting to the award and states that the Superintendent of Insurance of the Department of Trade and Commerce has recommended that said claim be allowed. We therefore find that there is due the claimant the sum of $243.00 which sum is hereby awarded said claimant.